```
THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
KEVIN B. FINN
Assistant United States Attorney
Calif. Bar No. 128072
E-mail:   kevin.finn@usdoj.gov
         Federal Building, Suite 7516
         300 North Los Angeles Street
         Los Angeles, California 90012
         Telephone:  (213) 894-6739
         Fax:              894-7327
Attorneys for Defendant
United States of America
```

JS - 6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MOUSALER, INC., A CALIFORNIA CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | NO. CV 08-4202 CAS (CWx) <br><br> [~~Proposed~~] <br> FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING PLAINTIFF'S REQUEST FOR A STAY <br><br> Honorable Christina A. Snyder |

The Court, having considered plaintiff Mousaler, Inc.'s Request for Stay, defendant's opposition, plaintiff's complaint, and the evidence presented, makes the following findings of fact and conclusions of law:

## I.   FINDINGS OF FACT

1. Plaintiff owns and operates a retail food store which the Food and Nutrition Service ("FNS"), of the U.S. Department of Agriculture, authorized to accept and redeem food stamps in exchange for eligible food items.

CV08-4202Order02.wpd

2.  The FNS contends that it conducted an investigation of plaintiff's store and determined that they had processed a number of suspicious purchases using EBT cards.

3.  The FNS concluded that it appeared that plaintiff was trafficking[1] in food stamps and imposed a penalty of permanent disqualification from the Food Stamp Program.

4.  Plaintiff admitted that it had extended credit to some of its food stamp customers who repaid the credit using their EBT card benefits, but that the suspicious transactions were payments for credit previously advanced, and not trafficking for cash.

5.  Defendant accepted plaintiff's admissions and explanations regarding the credit transactions, and reduced the permanent disqualification penalty to a one year disqualification.

6.  On June 25, 2008, plaintiff filed a complaint for judicial review and determination of the validity of the administrative disqualification of its store, contending that a six month disqualification is the appropriate penalty.

7.  In the complaint, plaintiff also requests a stay of the administrative action.

8. Any Finding of Fact which is deemed properly a Conclusion of Law shall be considered a Conclusion of Law.

///
///
///

---

[1] Trafficking of food stamps is the redemption of food stamps for cash, or in the case of EBT transactions, electronically debited the account in exchange for cash rather than eligible food.

## II.   CONCLUSIONS OF LAW

9.   Congress has specifically limited the availability of injunctive relief to a store facing imposition of a penalty for violation of the Food Stamp Act to a "stay" of the administrative order.

10.   Congress has empowered the courts to grant the stay of an administrative order of disqualification pending judicial review only under certain extraordinary circumstances.

11.   7 U.S.C. § 2023(a)(17), states in relevant part:

> "...[unless] after hearing thereon and consideration by the court of the applicant's <u>likelihood of prevailing on the merits and of irreparable injury</u>, the court temporarily stays such administrative action pending disposition of such trial or appeal."
> (emphasis added.)

12.   The administrative action must stand unless plaintiff can demonstrate by a preponderance of the evidence that the violations as documented did not occur. <u>Redmond v. United States</u>, 507 F. 2d 1007, 1011-12 (5th Cir. 1975).

13.   It is a violation of the program for a retail food store to accept food stamp benefits in payment of credit charges. 7 C.F.R. § 278.2(f).

14.   Once the fact of a violation is established, the Court's only remaining task is to review the appropriateness of the sanction imposed under an arbitrary and capricious standard. <u>Bertrand v. United States</u>, 726 F. 2d 518, 520 (9th Cir. 1984).

///

1    16.   Section 278.6(e)(5) imposes a six month penalty if it is the first sanction of the store and store personnel have committed the violations.

2    17.   Section 278.6(e)(4) imposes a one year penalty if it is the first sanction of the store and ownership or management of the store committed the violations.

3    18.   To obtain a stay plaintiff must establish a likelihood of success in proving that the one year penalty imposed was arbitrary or capricious, or an abuse of discretion.

4    19.   Plaintiff extended credit to customers and accepted food stamp benefits for payment of the credit, the payments were made to the store through the EBT machines, not to individual employees, and logically, a low level employee of the store would not be in a position to issue credit to customers.

5    20.   Plaintiff has not meet its burden to establish that ownership or management did not commit the violations.

6    21.   Therefore, plaintiff has not met its burden of demonstrating a likelihood of success on the merits in showing that the one year disqualification constituted an abuse of discretion, or was arbitrary and capricious.

7    22.   Any Conclusion of Law which is deemed properly a Finding of Fact shall be considered an Finding of Fact.

DATED: February 5, 2009

*Christina A. Snyder*
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE